IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY SMITH, | § | |
| TDCJ-CID NO.177456, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-10-3078 |
| | § | |
| RICK THALER, *et al.*, | § | |
| Defendants. | § | |

<u>OPINION ON DISMISSAL</u>

Plaintiff Leroy Smith, a state inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C.§1983, alleging that United States District Judge Sim Lake acted with intentional or criminal negligence when he entered a clearly erroneous decision that plaintiff's federal habeas petition was time-barred.  (Docket Entry No.1).  Plaintiff names Rick Thaler as a defendant, but makes no claims and states no facts that would give rise to a claim against Thaler.  (*Id.*).  Plaintiff seeks a new trial and monetary relief.  (*Id.*).

Plaintiff has also filed an application to proceed *in forma pauperis* (Docket Entry No.2), which the Court will grant, and two motions for the appointment of counsel (Docket Entries No.3, No.7), which the Court will deny.

For the reasons to follow, the Court will dismiss this action pursuant to 28 U.S.C. §1915(e)(2)(B).

<u>BACKGROUND</u>

Plaintiff entered a guilty plea to the offense of aggravated assault with a deadly weapon in a Harris County Criminal District Court of Harris County, Texas.  *Smith v. Thaler*, Civil Action No.4:09-cv-0164 (S.D. Tex. Feb. 9, 2010).  Plaintiff did not appeal the state court judgment but filed a state habeas application, which was denied on May 21, 2008.  *Id.*

Petitioner's first federal habeas petition was dismissed for want of prosecution.  *Id.*  The second federal habeas petition was dismissed as time-barred on February 9, 2010.  *Id.*  United States District Judge Sim Lake entered the Memorandum and Order, dismissing the case and denying petitioner a certificate of appealability.  *Id*.

Plaintiff states no claims against Rick Thaler; therefore, defendant Thaler is DISMISSED from this case.  Plaintiff recites the errors made during his state trial in the present pleading and complains that Judge Lake "failed to make a[n] honest decision by abuse of my case."  *Id.*

<u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA").  Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e), and 28 U.S.C. § 1915A(b).  In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it.  *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not

exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

## DISCUSSION

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he may face.  *Mireles v. Waco*, 502 U.S. 9, 10 (1991).  Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings before them.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Stump*, 435 U.S. at 356-57; *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989).

Here, plaintiff filed a federal habeas petition challenging his state court conviction and sentence.  Judge Lake acted on the petition in his role as a federal judge.  His actions were well within his jurisdictional powers in addressing a federal habeas petition.  Judge Lake, therefore, enjoys absolute judicial immunity.

Accordingly, plaintiff's claims against Judge Sim Lake are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1.      Plaintiff's application to proceed as a pauper (Docket Entry No.2) is GRANTED.  The plaintiff is not assessed an initial partial filing fee because he lacks the requisite funds.  Plaintiff shall pay the $350.00 filing fee in periodic installments as required by 28 U.S.C. § 1915(b).  The agency having custody of plaintiff shall collect twenty (20) per cent of any deposit to plaintiff's trust account and forward it to the Court on a regular basis whenever plaintiff's inmate trust fund account exceeds $10.00, until the $350.00 filing fee has been paid in full.

2.      The present civil rights action is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  All claims against all defendants are DISMISSED.

3.      All pending motions are DENIED.

It is so ORDERED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 4th day of November, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE